MICHAEL MISKEL *vs.* NAT. STONE.

Seven pieces of paper attached in no other manner than being fastened together with a pin, each certified to be a copy of the correspondent paper in the Court below, with no other certificate, do not constitute a transcript.

In this case there is no precipe, and the record affording the Court no means of deciding whether error was committed in the lower Court, its judgment is affirmed.

Error to Second Judicial District.

Opinion by DARWIN, Associate Justice.

Seven pieces of paper attached by only a pin are produced as the transcript of this cause. Each piece is needlessly certified to be a copy of the correspondent paper in the cause below, but there is no inclusive certificate aggregating and authenticating such papers as composing a complete transcript of the record. The transcript, whatever it may contain, should be so compacted and fastened into a whole as to afford a reasonable certainty that if we receive any part, we receive all that the clerk transmits, and the certificate should be so phrased as to contribute to the same assurance. Without declaring more exactly what a transcript should be, we declare that the loose package before us, which may, by the extraction of a pin, be segregated into seven, is not one. But if these papers were in other respects formal, there is among them no copy of the precipe as required by Section 7, page 11, of the laws of the 12th session.

The paper which most strongly suggests the hint of a precipe is an order to the Clerk to certify up the papers; but it exhausts its significance in the exercise of that office, and gives no sign or sound of error. Were we to speculate regard-

ing the grievance the plaintiff wished to have reviewed, we might guess that it was the action of the court in overruling the motion for a re-taxation of costs filed March 29, 1866, and overruled and excepted to March 31st of the same year. Sec. 424 of the Civil Practice Act provides that a party aggrieved by the taxation of the Clerk may have his costs re-taxed by the Court. The bill of exception shows that *some* motion was filed asking of the Court a re-taxation, and was *overruled*; for the occasion, we will suppose, though the bill should not leave us in doubt regarding that, that the motion overruled was the one found here among the papers; but we cannot go farther and imagine the grounds of such overruling, and as neither the bill nor other record discloses them, we cannot declare them insufficient.

It will be seen, on consulting the statute, that a taxation by the clerk is a condition precedent to a re-taxation by the Court; whence it follows that he who would charge the Court with error in overruling a motion to *re-tax* should begin by making it clear that the Clerk had already taxed, which the plaintiff has not done.

Again, for aught we know, the court overruled the motion because satisfied that the taxation was correct, on which hypothesis we are not enabled by the plaintiff's record to say that it committed error. In such case our presumption would be, in the absence of an adverse showing, that all the items of cost were duly and legally established; and if the plaintiff would overbear that presumption he should have produced here the legal findings and the facts which they attended; for how otherwise can we revise the obnoxious decision? The plaintiff has not successfully impugned the decision of the Court below, and it must stand affirmed.